Francis T. Murphy, Jr., J.
Motions designated under the
calendar of October 15,1964 as “ A ” and “ B ” are consolidated and disposed of hereunder.
By “ B ’’petitioner moves pursuant to article 78 of the CPLR, for an order and judgment declaring unconstitutional, null and void, a provision of section 150 of the Election Law (embodying part of N. Y. Const., art. II, § 1), which requires a person to have been a naturalized citizen for at least 90 days prior to the day of an election in order to vote therein. By “ A ”, respondent — Attorney-General of New York State — seeks an order dismissing the petition for legal insufficiency upon the ground that the prerequisite procedural steps mandated under section 171 of the Election Law (regarding challenges) were not utilized prior to the institution of this instant proceeding. Initially, motion “ A ” by respondent — Attorney-General—is dismissed, as it appears from the record that a ‘ ‘ challenge affidavit ’ ’ was in fact executed.
Petitioner was born in Holland in 1921 and immigrated to this country on April 7,1959. Having fulfilled the legal requirements, petitioner was naturalized as a citizen of this country on August 11, 1964.
On August 13,1964 petitioner, as a citizen of the United States and as a citizen of the State of New York (U. S. Const., 14th Arndt/ — “ All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or *508 immunities of citizens of the United States * * * ”) attempted to register to vote in the November, 1964 election but was prevented from so doing because the State of New York distinguished between native-born and naturalized citizens by imposing added time requirements upon naturalized citizens before they might qualify to vote.
Section 1 of article II of the Constitution declares in relevant part: ‘ ‘ Every citizen of the age of twenty-one years, who shall have been a citizen for ninety days, and an inhabitant of this state for one year next preceding an election ”.
Section 150 of the Election Law provides in pertinent part: “If a naturalized citizen, such person must, in addition to the foregoing provisions, have been naturalized at least ninety days prior to the day of election ’ ’.
Petitioner’s date of naturalization falls short of the 90-day period by some seven or eight days.
While we recognize that the right of suffrage is not an absolute right inherent in citizenship (Minor v. Happersett, 21 Wall. [88 U. S.] 162 [1875]) and that the State may prescribe reasonable limitations upon this right, such standards must be consonant with our basic constitutional precepts. Such standards may not discriminate between citizens upon the basis of how one became a citizen — whether by birth or by naturalization.
“We start from the premise that the rights of citizenship of the native born and of the naturalized person are of the same dignity and are coextensive ” unless specified otherwise in the United States Constitution (Schneider v. Rusk, 377 U. S. 163, 165 [1964]; see N. Y. Const., art. II, § 1; U. S. Const., art. I, §§2,3).
A naturalized citizen “becomes a member of the society, possessing all the rights of a native citizen, and standing, in the view of the constitution, on the footing of a native. The constitution does not authorize Congress to enlarge or abridge those rights. The simple power of the national Legislature is to prescribe a uniform rule of naturalization, and the exercise of this power exhausts it, so far as respects the individual. ’ ’ (Marshall, Ch. J., in Osborn v. Bank of United States, 9 Wheat. [22 U. S.] 738, 827 [1824]). Clearly, if the Congress of the United States may not ‘1 enlarge or abridge ’ ’ the rights of a naturalized citizen qua naturalised citizen, the States may not so do.
Nor may New York by requiring the subject 90-day waiting period modify the federally mandated moment at which an eligible individual becomes a citizen. Pursuant to section 8 of *509 article I, Congress is vested with the exclusive power “ [t]o establish an uniform Rule of Naturalization * * * throughout the United States ”, and the State of New York, by legislative act or otherwise, may not superimpose its will upon that of the Congress (see U. S. Code, tit. 8, § 1448; for the origin and reasons for the New York 11 probationary period”, see 2 Lincoln, Constitutional History of New York [1906], 123-124).
The State of New York, while it may set forth voter qualifications applying to all citizens, may not establish degrees of citizenship. By imposing the additional 90-day requirement upon a naturalized citizen, the State of New York has created a separate standard for citizens who have been naturalized. This is in direct conflict with the Constitution of the United States. “ Citizenship obtained through naturalization is not a second-class citizenship. * * * [C]itizenship obtained through naturalization carries with it the privilege of full participation in the affairs of our society” (Knauer v. United States, 328 U. S. 654, 658 [1946]).
Although of no effect insofar as the instant determination is concerned, this court is mindful of the State’s fear of fraudulently obtained citizenship and its attendant effect upon elections (see New York Constitutional Convention Proceedings and Debates, 1867-1868, vol. I, pp. 279-280, and the similar provisions in other States, e.g. California, Pennsylvania, Minnesota, Utah).
In this regard, therefore, attention is drawn to that portion of the Federal legislation which provides that: “ [I]n any case in which the final hearing on any petition for naturalization is scheduled to be held within sixty days preceding the holding of a general election within the territorial jurisdiction of the naturalization court, such final hearing may be held, but the petitioner shall not be permitted to take the oath required in section 1448(a) of this title prior to the tenth day next following such general election. In any case in which the oath is not taken at the time of the final hearing, the petitioner shall not be a citizen of the United States until such oath has been taken.” (U. S. Code, tit. 8, § 1447, subd. [c].)
Few can disagree that in this world-wide conflict between free men and the godless societies we as citizens have a moral obligation to vote in order to choose the best-qualified persons to represent our voice in the various branches of government. Here we have a “new” citizen who fully understands his obligation to the country of his choice, and he is told that he may not perform the most precious act of any citizen, that of casting his ballot. The petitioner recognizes his duty to vote, *510 and for the court not to recognize this obligation will make a mockery of the oath administered him when he became a citizen.
We can all be grateful that in this instance once again we are reminded that many men are still fighting, as they did in 1776, for the rights and privileges of citizenship — which, unfortunately, many of us take for granted.
Accordingly, section 1 of article II of the New York State Constitution, and section 150 of the New York Election Law, insofar as they establish an additional 90-day period requirement for naturalized citizens, are declared unconstitutional and null and void, and respondents are directed to register petitioner to vote in the forthcoming election in November, 1964, if he otherwise complies with the requirements for registration and voting.